UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE SECRETARY OF THE U.S. DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT, an
agency of the UNITED STATES OF AMERICA,

                          Plaintiff,

              -against-

ADELINE ROBEDEE; HMS, INC. o/b/o SUFFOLK
COUNTY DEPARTMENT OF SOCIAL SERVICES;
ANGELA BASILICATO; ANTHONY BASILICATO;
"JOHN DOE #1-5" and "JANE DOE #1-5", said names
being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in or
lien upon the premises being foreclosed herein,

                          Defendants.
------------------------------------------------------------------------X

**FILED
CLERK**

December 5, 2022

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**REPORT AND
RECOMMENDATION**

22-cv-00809 (FB) (JMW)

**A P P E A R A N C E S:**

John Manfredi
**Manfredi Law Group, PLLC**
302 East 19th Street, Suite 2A
New York, NY 10003
*Attorney for Plaintiff*

*No Appearance by Defendants*

**WICKS, Magistrate Judge:**

      Plaintiff, the Secretary of the U.S. Department of Housing and Urban Development, brought this action for the mortgage foreclosure of the property located at 24 Longfellow Drive, Huntington Station, NY 11426 ("Premises"). (DE 20.) Before the Court is Plaintiff's motion for a default judgment of foreclosure and sale in favor of Plaintiff and against Defendants Adeline Robedee, Angela Basilicato, Anthony Basilicato, (collectively, "Individual Defendants") and

1

HMS, Inc. ("HMS").  (DE 20.)[1]  This motion was referred by the Hon. Frederick Block for a hearing or inquest to determine both liability and damages followed by a report and recommendation.  (Electronic Order dated May 23, 2022.)  For the reasons stated herein, the undersigned respectfully recommends that Plaintiff's motion is granted in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on February 13, 2022, seeking to foreclose on a Home Equity Conversion Mortgage, "which program is regulated and set forth in 24 CF Part 206, *et seq.*, and all subsequent handbooks (4330.1 REV-5), mortgagee letters, etc. as set forth by the" Secretary of the Department of Housing and Development."  (DE 1 at ¶ 3.)  On or about December 19, 2008, John R. Robedee and Adeline Robedee executed and delivered an Adjustable-Rate Note ("Note") and as collateral, a Mortgage on the Premises, to Wells Fargo Bank, N.A. totaling $625,500.000.  (*Id*. at ¶ 9.)

At the same time, John and Adeline Robedee executed and delivered an adjustable rate second note ("Second Note") and collateral mortgage ("Collateral Mortgage)" to Plaintiff dated December 19, 2008, and recorded on January 9, 2009, in the Suffolk County Clerk's Office along with the Mortgage.  (*Id.* at ¶ 12.)  The Collateral Mortgage was executed to serve as additional security for the Mortgage.  (*Id*. at ¶ 14.)  The Mortgage was subsequently assigned to Plaintiff on December 14, 2016, and recorded on December 29, 2016 in the Suffolk County Clerk's Office.  (*Id*. at ¶ 15.)

---

[1] Plaintiff also requests dismissal of the fictitious John Doe #1-5 and Jane Doe #1-5 as Defendants.  (DE 20-2 at 6-7.)  These Defendants were initially added as mere placeholders to "designate tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the mortgaged premises or any portion thereof."  (DE 1 at 5.)  Plaintiff states that it has determined that there are no other occupants of the Premises.  (DE 20-2 at 7.)  Therefore, the undersigned respectfully recommends that John Doe #1-5 and Jane Doe #1-5 are dismissed as Defendants.  *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165 (KAM), 2022 WL 3213048, at *1 n.1 (E.D.N.Y. Aug. 9, 2022) (same).

Plaintiff avers that under the Note, it may require immediate payment in full of the principal and accrued interest where one borrower has died, and the Premises is not the primary residence of the surviving borrower. (DE 20-1 at 4-5; DE 20-7 at ¶7(a)(i).) Plaintiff states that the requisite circumstances to trigger this provision have occurred. John Robedee is deceased. (DE 1 at ¶ 7.) Adeline Robedee is the record owner and surviving obligor under the Note. (*Id*. at ¶ 29.) Robedee's daughter Angela Basilicato[2] currently occupies the Premises with her husband Anthony Basilicato. (*Id*. at ¶ 22.) Robedee herself resides at Carillon Nursing Home. (*Id*. at ¶ 20.) Plaintiff claims this triggers its right to foreclose on the premises and collect payments on all outstanding amounts due through a judgment of foreclosure and sale.[3] (*Id*. at ¶ 24.) Plaintiff names Angela and Anthony Basilicato, and HMS, as defendants in this action because they are tenants in possession of the Premises and a possible subordinate lienor with nominal liability, respectively. (*Id*. at ¶ 31-32.)

Plaintiff seeks, *inter alia*, an award, as of April 19, 2022, of $555, 479.71 in damages broken down as follows: $379,918.18 for the principal balance of the loan, $134,775 in accrued interest, $4,830 in service charges, and $34,956.03 in mortgage insurance premium payments. (*Id*. at 6.) Plaintiff also seeks $1,337.61 for its costs and disbursements in the action.

## LEGAL STANDARD UNDER RULE 55(b)

There is a two-step process for the granting of a default judgment under Fed. R. Civ. P. 55. First, the Clerk of the Court enters default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* Loc. Civ. R. 55.2. And second, after the clerk's certificate of default is issued and posted on ECF, a party may apply for entry of a default judgment. Fed. R. Civ. P. 55(b); *see also* Loc. Civ. R. 55.2(b).

---

[2] Plaintiff states that "Angela Basilicato was granted general durable power-of-attorney for Adeline Robedee on or about March 10, 2009." (DE 1 at ¶ 8.)

[3] Plaintiff does not seek a deficiency judgment. (DE 1 at ¶ 36.)

The decision to grant a motion for default is left to the discretion of the district court. *United States v. Dougherty*, No. CV 15-554 (ADS) (AKT), 2016 WL 5112063, at *3 (E.D.N.Y. Aug. 1, 2016), *report and recommendation adopted*, 2016 WL 4705549 (E.D.N.Y. Sep. 7, 2016). A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06 CV 1878 (RJD) (JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (finding that a default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true).

Even if a plaintiff's claims are deemed admitted, a plaintiff must nevertheless demonstrate that the allegations set forth in the complaint state valid claims. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (alterations omitted)); *see also Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano*, No. CV 20-5998 (DRH) (ARL), 2021 WL 6424600, at *3 (E.D.N.Y. Dec. 20, 2021), *report and recommendation adopted*, 2022 WL 103678 (E.D.N.Y. Jan. 11, 2022) (noting, in the context of a motion for default judgment in a foreclosure action, that a defendant's default does not conclusively establish liability). The court must therefore ensure that (1) Plaintiff satisfied all required procedural steps in moving for default judgment (*see* Local Civ. R. 55.2); and that (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law. *See Finkel*, 577 F.3d at 84. Additionally, when considering a motion for default, a court "may first assure itself that it has personal jurisdiction over the defendant." *Mickalis Pawn Shop, LLC*, 645 F.3d at 133 (citation omitted); *see also Wilmington Sav. Fund Soc'y, FSB as Tr. for Carlsbad Funding Mortg. Tr. v. White*, No. 2:17-cv-02288 (AM) (JMW), 2022 WL 5432771, at *5 (E.D.N.Y. July 27,

4

2022), *report and recommendation adopted as modified*, 2022 WL 4235326 (E.D.N.Y. Sept. 14, 2022) (same).

## DISCUSSION

### I. Service

As an initial matter, here, the docket reflects that each of the individual Defendants were properly served with the Summons and Complaint.  Rule 4 prescribes the manner by which service of process must be effectuated in order to subject a defendant to the court's jurisdiction.  *See* Fed. R. Civ. P. 4.  Rule 4(e) provides that an individual may be served, *inter alia*, by delivering a copy of the summons and of the complaint to the individual personally or leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.  *See* Fed. R. Civ. P. 4(e)(2)(A-B).  Rule 4(h) provides that a domestic or foreign corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ."  Fed. R. Civ. P. 4(h)(1)(B).

Defendants Adeline Robedee, Angela Basilicato, and Anthony Basilicato were each served at their place of residence, either through an authorized agent, through a person of suitable age and discretion that resides there, or personally, (DE 8-10).  *See* Fed. R. Civ. P. 4. Rule 4(e).  Similarly, Defendant HMS, Inc. o/b/o Suffolk County Dept. of Social Services was served at its business address via an agent authorized to accept service on its behalf, (DE 9).  *See id.*  Accordingly, this Court has personal jurisdiction over these Defendants.

Despite being properly served Defendants have not appeared in this action, and thus, the Clerk properly entered a certificate of default as to each of them.  (DE 13, 17-19.)  Plaintiff has submitted a motion for default judgment and Defendants are still nowhere in sight.  (DE 20.) Thus, the relevant inquiry now is whether, taking the well-pleaded allegations in the Complaint as true, Defendants are liable to Plaintiff.  And if so, whether Plaintiff has carried its burden of

5

establishing damages. The Court finds that Plaintiff has demonstrated liability and met its burden as to damages.

## II.     Procedural Compliance

Local Civil Rule 7.1 requires motions to include a notice of motion, memorandum of law, and supporting affidavits/exhibits containing any necessary factual information for the decision of the motion. E.D.N.Y. Local R. 7.1(a)(1) - (3). And Local Civil Rule 55.2 requires that a party moving for default judgment append to its application the Clerk's certificate of default, a copy of the claim to which no response has been made, a proposed form of default judgment, and that all papers submitted to the Court under Rule 55.2(b) be mailed to the party against whom a default is sought at the last known address of such party, with proof of mailing filed with the Court. E.D.N.Y. Local R. 5.52(b) - (c). Plaintiff's motion satisfies these requirements. (*See* DE 20-1 to 20-16.)

Moreover, the movant must also include a nonmilitary affidavit as to individual defendants pursuant to the Servicemembers Civil Relief Act (50 U.S.C. App. § 521), stating whether the defendant is in the military along with facts to support the affidavit. *See Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-cv-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (citing 50 U.S.C. App. § 521). The affidavits of service sufficiently support the Plaintiff's assertion that the individual Defendants are not in the military. (*See, e.g.*, DE 20-15 at 6 ("Your deponent asked the above-mentioned recipient whether the defendant was in the military service and received a negative reply. Upon information and belief; being based on the conversations and observations above narrated, defendant is not active in the military service.").)

Additionally, New York Real Property Actions and Proceedings Law ("RPAPL") section 1304 requires a lender to send notice to a mortgagor at least 90 days before the commencement of any foreclosure action by registered or certified mail, by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. *See* RPAPL § 1304(1-2).

6

And section 1306 requires a filing with the Superintendent of Financial Services within three business days of the mailing required in section 1304. *See* N.Y. RPAPL § 1306(1). "Proper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021). Compliance with RPAPL section 1304 can be established by evidence of actual mailing (*e.g.* an affidavit of mailing or service) or by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature. *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 556, 168 N.E.3d 1138, 1142 (2021).

Plaintiff claims that it is exempt from the requirements of RPAPL sections 1304 and 1306 because the Premises is not the principal residence of the mortgagor, but it nonetheless mailed a copy of the ninety-day notice ("90 Day Notice") on September 7, 2021 to Angela and Anthony Basilicato at the Premises by first class and certified mail. (*See* DE 20-1 at ¶ 35; DE 20-10; DE 20-14.) Plaintiff does not state that it satisfied the requirement to send notice to the last known address of the borrower -- Adeline Robedee at the Carillon Nursing Home. Nor did Plaintiff say that it filed with the Superintendent of Financial Services within three business days of the mailing required in RPAPL section 1304, in compliance with RPAPL section 1306. Further, Plaintiff has provided no authority for the assertion that it is exempt from the requirements of RPAPL sections 1304 and 1306 because the Premises is not the principal residence of the mortgagor.

Regardless, the Court's inquiry need not venture any further. The Court finds that Plaintiff is not required to affirmatively disprove this unpled defense for the purposes of obtaining default judgment. *See Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165 (KAM), 2022 WL 3213048, at *4 (E.D.N.Y. Aug. 9, 2022). The decisions are less than settled on the issue of whether a court must review compliance with RPAPL section 1304 on motions for default or whether it is strictly an affirmative defense that must be raised by

7

a defendant. *See Freedom Mortg. Corp. v. Powell*, No. 2:18-CV-4265 (ENV) (CLP), 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020). Turning to state court decisions on the issue shed some light. Indeed, decisions from the Appellate Division suggest that a plaintiff is *not* required to show compliance with RPAPL section 1304 if the borrower does not raise it as a defense, yet courts in this district have reviewed RPAPL section 1304 compliance on motions for default judgment. *Id.* at *2-3 (collecting cases).

However, this Court is required to apply New York law as interpreted by the intermediate appellate courts if there is no persuasive evidence that the New York Court of Appeals would reach a different conclusion. *Rhodie*, 2022 WL 3213048, at *4. The New York Court of Appeals is yet to squarely address the issue of whether RPAPL section 1304 review is proper on a default judgment motion. *Id*. Judge Matsumoto in *Rhodie* reviewed, and found persuasive, Second Department Appellate Division cases that support the proposition that a Plaintiff is "'not required to demonstrate its compliance with RPAPL 1304 in order to obtain a default judgment, since the failure to comply with RPAPL 1304 is not a jurisdictional defect, and that defense was not raised by [Defendants], who failed to answer the complaint.'" *Id*. (citing New York State Second Department Appellate Division cases)). The court also took note that of the courts in this district that have "scrutinized compliance with Section 1304 in the default judgment context," none have actually "engaged . . . with the countervailing Appellate Division cases." *Id*. (citation omitted). Given the persuasive authority in the New York State Second Department Appellate Division, the Court adopts the analysis in *Rhodie* and finds that "Plaintiff's failure to establish compliance with Section 1304 does not preclude the entry of default judgment." *Id*.; *see also U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Kozikowski*, No. 19-cv-00783 (DLI) (CLP), 2022 WL 4596753, at *5-6 (E.D.N.Y. Sept. 30, 2022) (adopting the analysis set forth in *Rhodie* and reaching the same conclusion). Accordingly, the Court finds that Plaintiff has properly filed the subject motion.

### III. Plaintiff's *Prima Facie* Case for Foreclosure

Upon a review of the record, the Court finds that taking the well-pleaded facts in the Complaint as true, Plaintiff has established liability for foreclosure. To foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment of the loan. *OneWest Bank, N.A. v. Hawkins*, No. 14 CV 4656 (NGG), 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), *report and recommendation adopted*, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment, and the burden shifts to the defendant to demonstrate that there is a triable issue of fact with respect to the merits of the defenses and/or counterclaims." *Id.* (internal citations omitted).

Here, Plaintiff has sufficiently pled each element. First, Plaintiff has established the existence of the Mortgage and Note by producing copies of each. (*See* DE 20-7; DE 20-8.) Through Plaintiff's well pleaded complaint and supporting exhibits, Plaintiff has established the obligations of Adeline Robedee under those instruments. (*See id.*) Second, as to ownership, Plaintiff is the holder of the Note and Mortgage through assignment. (DE 1 at ¶ 15-17; DE 20-7; DE 20-9.) Thus, Plaintiff has the right to enforce the Note and Mortgage and to initiate this foreclosure action. *See Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM) (RER), 2022 WL 875100, at *4 (E.D.N.Y. Mar. 24, 2022).

Third, Plaintiff has sufficiently established default. Paragraph 7(A)(i) of the Note provides that the lender "may require immediate payment in full of all outstanding principal and accrued interest if . . . [a] Borrower dies and the Property is not the principal resident of at least one surviving Borrower[.]" (DE 20-7 at 3.) John and Adeline Robedee are the "borrowers" with respect to this Note and Mortgage. (DE 1 at ¶ 9.) John Robedee died on October 20, 2018. (*Id.*; DE 1-1 (certificate of death).) The surviving borrower, Adeline Robedee, resides in a nursing

9

home, rather than at the Premises. (DE 1 at ¶ 20.) Thus, Plaintiff has sufficiently shown that Adeline Robedee is in default, and that entry of default judgment is proper. For these reasons, Plaintiff has demonstrated a *prima facie* case for foreclosure against Robedee. *See, e.g.*, *Rhodie*, 2022 WL 3213048, at *3.

Moreover, Plaintiff named HMS, and Angela and Anthony Basilicato as defendants. "Courts regularly enter default judgments in foreclosure actions against defendants with nominal interests in the relevant property, including parties holding subordinate liens or non-owner tenants." *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *report and recommendation adopted*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016). Here, Plaintiff named HMS as a defendant because HMS is a "possible subordinate lienor by virtue of Notice of Medicaid Lien and Judgment in the amount of $1.00 against Adeline Robedee, 24 Longfellow Drive, Huntington Station, NY 11746" that was recorded on August 20, 2021, (DE 1 at 5.) *See Toscano*, 2021 WL 6424600, at *3 ("RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" (quoting RPAPL § 1311(3)).)

"Courts in this district have found that entry of default judgment is appropriate where the complaint alleges nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien." *Id.* (internal quotation marks and citations omitted). Since Plaintiff sufficiently alleges nominal liability on part of HMS, default judgment is proper as to HMS as well. *See United States v. Spiegel*, No. 19-CV-5456 (JS)(AYS), 2022 WL 5114462, at *3 (E.D.N.Y. Sept. 30, 2022) (entering default against non-mortgagor defendants where plaintiff plead nominal liability against them).

Plaintiff named Angela and Anthony Basilicato as defendants as tenants in possession of the Premises. Thus, entry of default judgment as to Angel and Anthony Basilicato is also proper. *See Robinson*, 2016 WL 3365091, at *4. Accordingly, it is respectfully recommended that Plaintiff's motion for default judgment against Defendants, and for the foreclosure and sale of the Premises be granted. And the respective interests of HMS, and Angela and Anthony Basilicato, in the Premises, if any, terminated upon entry of default judgment. *Id.*

## IV. Damages

"Where damages are susceptible to simple mathematical calculation and the plaintiff provides a 'sufficient basis from which to evaluate the fairness' of the requested damages, no evidentiary hearing is necessary." *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410 (VM), 2018 WL 1596192, at *5 (S.D.N.Y. Mar. 28, 2018) (quoting *Am. Jewish Comm.*, 2016 WL 3365313, at *4). Upon reviewing the record, the Court finds no evidentiary hearing is necessary and that Plaintiff has carried its burden of establishing damages.

First, Plaintiff seeks a total of, as of April 19, 2022, of $555, 479.71 in damages broken down as follows: $379,918.18 for the principal balance of the loan, $134,775 in accrued interest, $4,830 in service charges, and $34,956.03 in mortgage insurance premium payments. (DE 20-1 at 6.) Plaintiff supports these figures with the affidavit of William Collins, Deputy Director of the Single Family Asset Management, Servicing and Loss Mitigation Division of the U.S. Department of Housing and Urban Development, (*see* DE 20-1 at 6-7.) Given the Defendants default, there are no objections to these figures. The Court finds Plaintiff has demonstrated that default judgment in favor of Plaintiff in the amount of $555, 479.71 is appropriate. *See, e.g.*, *Toscano*, 2021 WL 6424600, at *3 (finding no hearing necessary where affidavit of Chief of Counsel of HUD supported the figures requested).

Second, Plaintiff seeks $1,337.61 for its costs and disbursements in the action. (DE 20-4 at 4.) Plaintiff submitted a sworn bill of costs that breaks down this total as follows: (i) $226.58

11

for Filing of Notice of Pendency, (ii) $626.03 for Title Search, and (ii) $485.00 for Service of Process Fee. (*Id*.) Plaintiff may appropriately recover these costs but only if the note or mortgage provides as much. *See U.S. Bank Nat'l Ass'n v. Swezey*, 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *report and recommendation adopted*, 2022 WL 2390989 (E.D.N.Y. July 1, 2022). Here, the Note includes a provision that expressly provides that "the debt enforced through sale of the Property may include costs and expenses . . . associate with enforcement of this Note to the extent not prohibited by applicable law." (DE 20-7 at 2.) The Mortgage includes a similar provision. (*Id.* at 6. (authorizing collection of "all costs and disbursements and additional allowances allowed by law").) The Court finds these amounts to be reasonable. *See Rhodie*, 2022 WL 3213048, at *4 (finding a total of $1,323.04 in costs for the same as appropriate).

Additionally, Plaintiff seeks pre-judgment interest from April 20, 2022, through the date of judgment of entry as well as post-judgment interest thereafter. (DE 20-4 at 3.) The Court respectfully recommends granting Plaintiff's request for a total award of $556,817.32 ($555,479.71 + $1,337.61), with interest accruing from April 20, 2022 through entry of judgment, and post-judgment interest accruing at the federal statutory rate from entry of judgment until the judgment is paid in full. *See Rhodie*, 2022 WL 3213048, at *5 (granting post-judgment interest since pursuant to 28 U.S.C. § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017)); *see also Spiegel*, 2022 WL 5114462, at *4 (granting request for pre-judgment interest).

Finally, Plaintiff asks the Court to sell the Premises as one parcel and appoint a Master to conduct the foreclosure sale at the cost of $750 to be subtracted from the proceeds of the foreclosure sale. (DE 20-4 at 3.) Specifically, Plaintiff requests that the Court appoint Lisa A. Perillo, Esq. as Master for that purpose. (*Id.* at 2.) The Court respectfully recommends granting

12

this request and deducting such fee from the proceeds of the sale along with the other expenses requested: (i) "The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Master to be correct, copies of which shall be annexed to the Master's Report of Sale."; and (ii) "Pursuant to N.Y. Real Property Actions and Proceedings Law § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment." (DE 20-4 at 3.)

## CONCLUSION

Accordingly, the undersigned respectfully recommends that the Plaintiff's motion for default judgment be granted in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any

further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:   Central Islip, New York
         December 5, 2022

**Respectfully recommended,**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge